**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0715-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHELBY E. HUTCHINS,

    Defendant-Appellant.

_____

Argued June 4, 2019 – Decided June 20, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 15-09-2222 and 15-10-2632.

Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stephen P. Hunter, of counsel and on the briefs).

Lauren Bonfiglio, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Lauren Bonfiglio, of counsel and on the brief).

PER CURIAM

Following denial of her motion to suppress evidence seized without a search warrant, defendant Shelby Hutchins pled guilty to multiple charges of an Atlantic County indictment, including second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). The charges emanated from defendant's involvement in the burglary of her ex-boyfriend's residence, from which several firearms were stolen. Defendant was sentenced to an aggregate term of imprisonment of three years with one year of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c). Defendant now appeals, claiming the motion judge erred by failing to suppress incriminating paperwork seized from her bag during the search of her friend's vehicle, and by finding defendant lacked standing to challenge the search. For the reasons that follow, we reverse and remand.

I.

We summarize the salient facts from the suppression hearing, during which the State presented the testimony of four members of the Egg Harbor Police Department (EHPD). Defendant did not testify nor present any evidence.

While attempting to locate defendant two days after the burglary, EHPD Detectives Kyle Warren, Robert Harte and Shawn Owen approached a red

minivan owned by defendant's friend, Nicole Cooper. After passing the detectives' unmarked car, the minivan pulled over to the side of a roadway in the vicinity of the hotel where Cooper and defendant were reportedly staying. Cooper and defendant's then-current boyfriend, Elmer Burgos,[1] were the only occupants of the vehicle.

While speaking with Cooper, Owen detected an odor of raw marijuana. Mindful that "the case was a firearm case," Owen asked Cooper whether she wished to surrender anything in the vehicle. Cooper turned over a small bag of marijuana from her purse, and consented to a search of the vehicle at roadside. When Warren opened a drawstring bag and discovered what appeared to be several bundles of heroin, Cooper disclaimed ownership of that bag and all other bags in the minivan, except for her purse. Notably, Cooper told Warren she and Burgos were en route to defendant's mobile home "to drop the bags off" when the minivan pulled over.

Rather than resuming the search, Warren contacted his supervisors, who directed him to tow the vehicle to the police station to photograph and record the items seized during the search. Thereafter, police considered obtaining a

---

[1] Burgos was charged as a codefendant in the present matter. He participated in the suppression hearing, but is not a party to this appeal. Cooper was not indicted in this matter.

search warrant to resume the search of the minivan, including the remainder of the bags that had not been opened. However, "a legal advisor from the Prosecutor's Office" said a search warrant was unnecessary. Instead, Warren again asked Cooper for her consent to continue searching the minivan, including the bags, of which she had denied ownership. Cooper's consent was video and audio recorded.

During the second search of the minivan, detectives opened another drawstring bag, containing female clothing and "paperwork for the stolen handgun that was removed from the residence." Police determined that bag belonged to defendant.

Following the suppression hearing, the motion judge issued a written decision. Relevant here, the judge initially determined the search conducted at the police station was valid because drugs had been found in one of the bags during the roadside search:

> After the car was towed to [EHPD] headquarters, police officers resumed the search of Ms. Cooper's vehicle. Finding the drugs in one bag created probable cause to believe more drugs would be found in other similar container[s]; thus, the search of the other bag would also be permissible.

Further, the motion judge found defendant lacked standing to challenge the search of Cooper's minivan because "at the time of the stop, [defendant] had fled to Northern New Jersey." According to the judge:

> The fact that [defendant] was not present when the vehicle was searched, nor in the vicinity of the stop, further exemplifies an absence of . . . defendant's proprietary, possessory and participatory [sic]. The record is void of any evidence to support the contention that defendant retained any interest in the victim's permit to purchase firearms and paperwork for [the stolen] handgun at the time of the search. Further the [c]ourt finds that the[re] was seemingly no connection [between] the search of the car and [defendant]. While the police may have initially stopped the vehicle to investigate into the whereabouts of [defendant], the search was commenced after marijuana was found and Ms. Cooper consented to the search of the vehicle. The police stopped the car to learn if [defendant] was in the car, but the police were not searching the car with the purpose to find [defendant].

Accordingly, the judge concluded defendant's "alleged connection to the vehicle searched and the items seized simply [wa]s far too attenuated to support a constitutional right to object to the search and seizure."

On appeal, defendant renews the arguments she raised before the motion judge:

POINT I

THE PAPERWORK RELATED TO THE THEFT OF THE HANDGUNS SHOULD HAVE BEEN

SUPRESSED BECAUSE COOPER'S CONSENT TO SEARCH THE VAN COULD NOT REASONABLY EXTEND TO CLOSED BAGS ONCE THE POLICE WERE INFORMED THAT THE BAGS DID NOT BELONG TO HER. STATE V. SUAZO, 133 N.J. 315, 320 (1993).

POINT II

THE JUDGE'S CONCLUSION THAT DEFENDANT LACKED STANDING BECAUSE "SHE WAS NOT PRESENT WHEN THE ITEMS WERE DISCOVERED" VIOLATED NEW JERSEY'S AUTOMATIC STANDING RULE. STATE V. RANDOLPH, 228 N.J. 566 (2017).

In response, the State abandons its third-party consent argument for the bags searched after the minivan was impounded, claiming "the continued search at police headquarters was justified by the automobile exception [to the warrant requirement] . . . ." Indeed, at oral argument before us, the State conceded the validity of Cooper's second consent to search no longer was an issue, but claimed exigent circumstances supported the warrantless search of the minivan at the police station. In its merits brief, the State mentioned in passing that the search was also proper under the inevitable discovery exception to the warrant requirement. The State did not advance that point at oral argument.

II.

In reviewing a suppression ruling, we are mindful that we must uphold a trial court's factual findings if they are supported by sufficient credible evidence

6

in the record.  State v. Dunbar, 229 N.J. 521, 538 (2017).  "We accord no deference, however, to a trial court's interpretation of law, which we review de novo."  Ibid.

"Warrantless seizures and searches are presumptively invalid as contrary to the United States and the New Jersey Constitutions."  State v. Pineiro, 181 N.J. 13, 19 (2004).  To overcome this presumption, the State must show by a preponderance of evidence that the search falls within one of the well-recognized exceptions to the warrant requirement.  State v. Bryant, 227 N.J. 60, 69-70 (2016).  The warrant requirement "is not lightly to be dispensed with, and the burden is on the State, as the party seeking to validate a warrantless search, to bring it within one of those recognized exceptions."  State v. Alston, 88 N.J. 211, 230 (1981).

As the motion judge noted in the present case, the State opposed defendant's suppression motion on four grounds.  Pertinent to this appeal,[2] the State argued "Cooper's consent was valid[,]" and defendant lacked "standing to contest the evidence seized."  Indeed, much of the testimony adduced at the motion hearing pertained to the propriety of the searches conducted at the

_____

[2] The State also contended the stop was valid and the protective pat-down search of Cooper and Burgos was lawful.  Defendant does not contest those points on appeal.

roadside and police station. Nonetheless, the State now concedes Cooper's consent did not validate the search of the bags after the vehicle was impounded.

Because we agree, we merely acknowledge the motion judge erroneously upheld the search of the bags at the police station where, as here, Cooper disclaimed ownership of the bags; expressly advised police the bags belonged to defendant; and stated she and Burgos had been en route to drop off the bags at defendant's residence before the search. As our Supreme Court explained in State v. Suazo[3]:

> A third party who possesses the authority to consent to a search of premises generally, however, may lack the authority to consent to a search of specific containers found on those premises. [The] consent <u>does not extend to containers in which the consenting party has disclaimed ownership</u>[, or] to property within the exclusive use and control of another.
>
> [133 N.J. at 320 (emphasis added) (citations omitted).]

---

[3] In <u>Suazo</u>, the third-party driver consented to a search of his vehicle, which revealed a closed bag in the trunk. 133 N.J. at 318. Prior to the search, the defendant-passenger claimed ownership of the bag. <u>Ibid.</u> Relying on the driver's consent, police opened the bag and discovered narcotics. <u>Ibid.</u> The Court held the defendant's ownership claim of the bag rendered the officer's reliance on the driver's consent unreasonable. <u>Id.</u> at 322. Rather, the defendant's "acknowledgment that he owned the . . . bag impelled [the officer] either to seek [the] defendant's consent or to make further inquiry before opening the bag." <u>Ibid.</u> Accordingly, the Court reversed the trial court's denial of defendant's suppression motion. <u>Id.</u> at 323.

Moreover, the motion judge erroneously determined defendant lacked standing to challenge the search and seizure of the bags. Although she was not present when the minivan was stopped or searched, defendant was the target of the stop; the bags contained evidence of the burglary; Cooper expressly disclaimed ownership of the bags; and Cooper identified defendant as the owner. Clearly, under those circumstances, defendant had automatic standing to challenge the search of the bags, at least one of which contained evidence implicating her in the burglary. See State v. Hinton, 216 N.J. 211, 233-34 (2013) (quoting Alston, 88 N.J. at 228) ("Unlike federal law, New Jersey law confers automatic standing on a defendant 'in cases where the defendant is charged with an offense in which possession of the seized evidence at the time of the contested search is an essential element of guilt.'").

Because the State did not raise before the trial judge its newly-minted argument that the search was justified under the automobile exception to the warrant requirement, we need not consider that argument on appeal. State v. Robinson, 200 N.J. 1, 20 (2009). Nonetheless, at oral argument before us, the State maintained the testimony adduced at the hearing established exigent

circumstances,[4] thereby preventing police from obtaining a warrant. The State therefore urges us to affirm on grounds other than those relied upon by the motion judge. See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011).

However, we need look no further than the consistent testimony of the EHPD detectives, which dispel the State's belated argument that exigent circumstances justified the warrantless search here:

> DEFENSE COUNSEL: . . . you would agree with me, would you not, Detective [Warren], that you had ample opportunity to apply for a search warrant at th[e] point [in which the vehicle was towed to the station], right?
>
> WARREN: I could have, yes.
>
> . . . .
>
> DEFENSE COUNSEL: . . . in your judgment you would agree, would you not, Detective [Harte], that you or your team had ample opportunity, . . . the police that were conducting this investigation had ample opportunity to apply for a warrant, is that right?

---

[4] Because the search in the present case occurred before the Supreme Court decided State v. Witt, 223 N.J. 409, 431 (2015), exigent circumstances making it "impracticable to obtain a warrant when the police have probable cause to search the car" were still necessary to conduct a warrantless search of Cooper's minivan. As we recently recognized, "[i]n the aftermath of Witt, the current law of this State now authorizes warrantless on-the-scene searches of motor vehicles in situations where: (1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are unforeseeable and spontaneous." State v. Rodriguez, ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 12) (emphasis added) (footnote omitted) (citing Witt, 223 N.J. at 447-48).

HARTE:  I believe so, sir.

Further, at the time of the search at the police station, Cooper's minivan was in the exclusive custody of the EHPD, secured at its own sally port, thereby obviating the risk the bags would be removed or destroyed by passersby as might be the case at the roadside.  Also, the burglary had occurred two days before the vehicle was stopped and the search occurred during daytime hours.  But cf. State v. Minitee, 210 N.J. 307, 322-23 (2012) (upholding the search of a motor vehicle under the automobile exception where the car was searched after midnight, while police were actively investigating a string of robberies).  We thus reject the State's argument that the search was justified under the automobile exception on substantive as well as procedural grounds.

Finally, the State's fleeting suggestion that "the incriminating evidence would have inevitably been discovered by the police obtaining a search warrant" lacks sufficient merit to warrant discussion in our opinion.  R. 2:11-3(e)(2).  We simply note our Supreme Court recently rejected a similar belated argument in State v. Shaw, ___ N.J. ___, ___ (2019) (slip op. at 38) (declining to apply the inevitable discovery doctrine where "[a] review of the record show[ed] the prosecutor made only passing reference to the inevitable discovery doctrine").

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0715-17T4